IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MAXLIFE, LLC | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| ILLINOIS CASUALTY COMPANY | ) |
| | ) |
| *Defendant.* | ) |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, Maxlife LLC, by and through its attorney of record, Scott G. Hunziker, and files this action for damages caused by Defendant, Illinois Casualty Company for breach of contract.  In addition, Plaintiff seeks statutory damages together with attorney's fees resulting from Defendant's vexatious refusal to pay Plaintiff's claim under §375.296 R.S.Mo.  In support of this action, Plaintiff pleads as follows:

### PARTIES

1. Plaintiff Maxlife, LLC is a limited liability company with a principal place of business in Missouri at 1027 Geyer Ave, Saint Louis, Missouri 63104-3962. Maxlife, LLC is comprised of the following members:

    a) William Stachovic, who resides at 400 South 4th Street, Apartment 807, St. Louis, MO 63102;

    b) Jeffery Barclay, who resides at 2390 Buena Vista Cir Carisbad, CA 92008.

2. Defendant Illinois Casualty Company (hereinafter referred as 'ICC') is an authorized insurance company incorporated in and having its principal place of business at 225, 20th Street Rock Island, IL 61201. Defendant is engaged in the business of selling insurance products in the State of Missouri, including Plaintiff's insurance policies numbers BP43598/BP41709 (hereinafter referred to as the "Policy"). *See* Exhibit A. Defendant may be served with process and a copy of this Original Complaint by serving the Director of Insurance, Missouri Department of Insurance, at 301 W. High Street, Room 530, Jefferson City, Missouri 65101, or in any other manner consistent with federal law.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §§2201 regarding whether Defendant has breached its duties to Plaintiffs in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district

## COUNT I
## BREACH OF CONTRACT

6. Plaintiff incorporates paragraphs 1 – 5 as if fully set forth below.

7. Plaintiff owns the property at issue, which is located at 1027 Geyer Ave., Saint Louis, MO 63104-3962.

8. Defendant is an insurance provider selling insurance policies and related coverage within the State of Missouri. Defendant sells such policies through its authorized agents.

9. Whaleshark, LLC purchased a Policy (BP43598/BP41709) of insurance from Defendant naming Plaintiff as an additional insured, pursuant to its lease requirement with Plaintiff, which was in effect when the underlying covered event occurred.

10. The Policy promised to insure Plaintiff against damage to the property caused by certain events, including the loss at issue.

11. Pursuant to the obligation as a policyholder, in accordance with the lease agreement with Plaintiff, Whaleshark, LLC made complete payments of all related insurance premiums in a timely fashion. Moreover, the covered damage occurred during the applicable insurance policy period.

12. Plaintiff leased the insured property to Whale Shark LLC on August 1, 2019. Whale Shark LLC was conducting its daily business, namely operation of a restaurant, from the insured property under the name of "Great Grizzly Bear".

13. On October 13, 2020, Whale Shark LLC closed its daily business, as a result of the COVID-19 pandemic. After the closure, it was brought to the attention of Plaintiff, that the building's water usage had not proportionately reduced. To address what at that time appeared to be a waste in water resources, Plaintiff conducted an inspection of the insured property and discovered the existence of a leak which was originally thought to be causing significant damage to the insured property. Following Plaintiff's discovery of this leak, Plaintiff also discovered a crack from the basement wall to the roof.

14. As a result of the above discoveries, Plaintiff opened a claim with ICC on or about February 2, 2021.

15. ICC sent one of its agents to inspect the Property, and also retained the services of a forensic engineer with Nederveld Inc. to conduct an inspection of the Property. Nederveld, Inc. submitted a report related to its inspection on or about April 3, 2021. The report concluded that there were three separate areas of damage: 1) a leak in the restroom; 2) a leak in the north portion of the building near the water heater; and 3) exterior brick damage related to wear and tear.

16. Based on this report, ICC split the covered event into three separate claims with three different dates of loss. In other words, ICC raised one claim for a leaking water heater that had supposedly occurred on September 1, 2020 (BP44522). It then raised a second claim for damage caused to the ladies' restroom on December 15, 2020, (i.e., BP 44523). It raised the last claim for damage caused to the kitchen due to a kitchen leak on January 26, 2021 (i.e., BP44120).

17. Plaintiff did not realize that the claim had been split into multiple claims by ICC until Defendant's agents sent a Denial letter for the first two claims on May 3, 2021 (Claim Nos. BP44522 and BP44523). This denial letter was mailed to the wrong address. ICC subsequently issued a gross underpayment in the amount of $225 for the third claim on or about June 2, 2021 (Claim No. BP44120).

18. In an attempt to resolve the property damage claim, Plaintiff hired a public adjuster to assist in the claims handling process. Plaintiff also retained the services of Mark. R. Schell, P.E., who inspected the Property on or about August 16, 2021. Mr. Schell provided an inspection report on September 09, 2021, which concluded,

> *"The expansion, contraction, and erosion of soil caused movement of the north foundation wall. This movement initiated the formation of cracks in the foundation wall."*

19. On September 21, 2021, Plaintiff's public adjuster requested that ICC acknowledge the single claim for the real cause of damage, specifically the structural damage on behalf of Maxlife LLC, as a loss payee under the Loss Payable Clause under the policy at issue. Such request was never acknowledged by Defendant.

20. Plaintiff subsequently retained the services of ISC Contracting, Inc. On or about November 11, 2021, ISC Contracting provided an estimate in the amount of $605,430.00.

21. Defendant has subverted the facts of the claim in an effort to dilute coverage for Plaintiff's Property. Such is clearly evident by its denial of the claims at issue, stating that: 1) the leak continued undetected for more than 14 days; and 2) no coverage was available for damage arising out of earth movement under clause C.3.(a)(2) of the policy.

22. Defendant subsequently corrected its erroneous interpretation of the policy on or about August 24, 2021, by clarifying that one of the exclusions cited in its prior coverage denial letter for claim number BP44522 (i.e., exclusions for earth movement) was inapplicable, as endorsement BP EC 03 09 14 specifically provided coverage for earth movement. The claim at issue is a result of a single event which has caused considerable and continuing damage to the insured property, as repeatedly clarified by Plaintiff to Defendant.

23. This continuing damage to Plaintiff's property is of great concern, given the historical significance of the property. Plaintiff contends that the property damage has resulted in significant pressure bearing on the walls of the insured property. In order to fully and properly repair the damage to the property and restore it to its pre-loss condition, Plaintiff would have to undertake significant structural repairs. Considering the historical nature of the building, such would involve obtaining permits from the historical society and the City of St. Louis, in addition to ensuring that the materials used to repair and replace the

bricks are of the appropriate and approved quality and make. According to ISC Contracting, the current estimated amount for the repairs of the Property is $605,430.00, which will increase as the case proceeds toward trial.

24. Plaintiff has also sustained lost business income, loss of use and loss of market value, as the property has not been in use for commercial purposes, totaling approximately $34,000 per year. Further, Plaintiff was forced to retain the undersigned counsel, which has resulted in attorney's fees related to the claim at issue.

25. The damages to Plaintiff's Property were not caused by any acts or omissions of Plaintiff.

26. The damages to Plaintiff's Property and the cause of same are of the kind specifically covered in the insurance policy at issue.

27. The damage to Plaintiff's Property occurred during the applicable policy period.

28. Plaintiff's written demand for settlement was propounded on Defendant, pursuant to the contract and §375.296 R.S.Mo.

29. Plaintiff has incurred, and continues to incur, substantial attorney's fees in this matter.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor on Count I, that it awards fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## COUNT II
## VEXATIOUS REFUSAL

30. Plaintiff incorporates paragraphs 1 – 33 as if fully set forth below.

31. Defendant has an ongoing contractual duty to Plaintiff to investigate and settle Plaintiff's claim in a timely fashion.

32. Defendant also has a statutory duty to investigate and settle Plaintiff's claim.

33. Plaintiff has made a good faith demand for settlement pursuant to the subject insurance contract and §375.296 and has further provided all necessary documents requested by Defendants.

34. Defendants have failed to properly investigate and settle Plaintiff's claim.

35. Defendant has long known of all of Plaintiff's damages regarding the present claim, but has improperly investigated, and evaluated same, failing to pay the total sum owed. Defendant's failure to settle this claim or to respond to correspondence is vexatious and without reasonable cause.

36. Plaintiff has incurred additional economic damages and attorney's fees as a result of Defendant's vexatious refusal.

37. Plaintiff seeks recoupment of interest and its attorney's fees in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff on Count II, award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## DAMAGES

38. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

39. Defendant's acts have been the producing or proximate cause of damage to Plaintiff. Therefore, Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court, including contractual damages, statutory damages, loss of business income, penalties, interest and reasonable attorney fees pursuant to MO.REV.STAT. §§ 375.296 and 375.420.

40. Plaintiff's damages as described in this Complaint are in excess of the amount required for diversity of citizenship jurisdiction in federal court.

## JURY DEMAND

41. Plaintiffs respectfully request a jury trial upon all issues of fact herein.

42. Plaintiffs seek recoupment of interest as well as its attorney's fees in an amount to be determined by a jury. WHEREFORE, Plaintiffs pray this Court enter judgment in favor of Plaintiffs on Count II, that it award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper

## CONCLUSION

Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded all actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs, and for all such other further relief, general or specific, in law or in equity, whether pled or unpled within this Original Complaint.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES**

Respectfully submitted,

_____
Scott G. Hunziker
Missouri Bar No. 50400
Zerbe, Miller, Fingeret, Frank & Jadav
3009 Post Oak Blvd., Suite 1700
Houston, TX  77056
Telephone: (713) 350-3523
Facsimile: (713) 350-3607
shunziker@ZMFLaw.com

**ATTORNEYS FOR PLAINTIFF**

Dated: March 2, 2022.